ZEPHANIAH B. JOB *et al.*, appellants, *v.* ALBERT TEBBETTS, appellee.

*Appeal from Madison.*

The decision of the Court in *Job* v. *Tebbetts*, upon the sufficiency of the certificate of proof of a deed set forth in 4 Gilm. 149, is affirmed. The intimation in that case, that before the deed could be read in evidence, preliminary proof should be made to the Court, by matter *aliunde* the certificate, that the grantors and subscribing witnesses were deceased, or without the State, is not sustained.

To sustain a title derived from a sale for taxes under the law of 1829, the Auditor's deed is *prima facie* evidence, and it is incumbent upon the opposite party, in order to defeat its effect, to prove that the requisitions of the law, under which the sale was made, had not been complied with.

The deposition of the Auditor of Public Accounts, consisting of extracts from the books in his office, and his explanations of the records, and the entries therein, if it purport to give all the information in his office concerning the matter in issue, is proper evidence to establish the fact of compliance, or noncompliance with the requisitions of the revenue law in existence in 1833.

The precept issued upon a judgment against lands for taxes under the revenue law of February, 1839, need not contain a copy of the lands ordered to be sold.

A judgment against lands for taxes, under the revenue law of 1839, is conclusive that the officer has performed his duty in attempting to collect the taxes by the seizure of the goods and chattels of the owner. The fact that he has not so performed his duty should be interposed as a defence to the judgment; but if judgment is allowed to be entered, the purchaser of the land is not bound to prove that a demand was made for the taxes, nor will the former owner be permitted to defeat the purchaser's title by showing that the taxes might have been collected out of personal property.

EJECTMENT, in the Madison Circuit Court, brought by the appellee against the appellants. The cause was heard before the Hon. Gustavus P. Koerner, at the August term, 1848, of said Court, when a judgment was rendered for the plaintiff below.

An agreed case was made, and certain questions were submitted for the determination of this Court, all of which are considered in the Opinion.

*J. Gillespie* and *G. Trumbull*, for the appellants.

1. The acknowledgment of the deed is not sufficient with-

out the preliminary proof that the grantor and subscribing witnesses were dead. Rev. Stat. ch. 24, § 20; *Job* v. *Tebbetts*, 4 Gilm. 151.

2. 'The deposition of Thomas H. Campbell, Auditor of Public Accounts, should have been admitted in evidence as tending to show that the land was not properly listed, valued, classed or assessed for the year 1832. R. L. 513, 526, 527; *Graves* v. *Bruen*, 1 Gilm. 171; *Alvord* v. *Collin*, 20 Pick. 421; *Ronkendorff* v. *Taylor's Lessee*, 4 Peters, 358; *Keene* v. *Houghton*, 19 Maine, (1 Appleton,) 370; *Lessee of Dunn* v. *Games*, 1 McLean, 326; *Lessee of Holt's Heirs* v. *Hemphill's Heirs*, 3 Ohio, 232.

3. The precept is sufficient. *Atkins* v. *Hinman*, 2 Gilm. 443.

*H. W. Billings & L. B. Parsons Jr.*, for the appellee.

1. The deposition of Thomas H. Campbell was properly excluded from the jury, as it did not tend to prove that the land was not legally listed, and as in no way tending to prove the issue. *Graves* v. *Bruen*, 1 Gilm. 167; *Clark* v. *Lake*, 1 Scam. 231; *Bedell* v. *Janney*, 4 Gilm. 203; *Wiswall* v. *Ross*, 4 Porter, 331.

2. The deed from John W. Leavitt and others to Lamb and Dunlap was properly in evidence before the jury, the proof of the execution of said deed being made in accordance with the statute on that subject. (Rev. Stat. Ch. 24, § 20.) The case of *Job* v. *Tebbetts*, 4 Gilm. 157, which is relied upon by the appellant's counsel, as settling the construction to be given to this section, is considered by the counsel for the appellee as the mere *dictum* of the Judge delivering the Opinion, and ought not to be cited as authority binding upon this Court, as the point did not arise upon the record in that case, and the decision was based entirely upon other points which did arise upon the record.

3. An Auditor's deed made under the provisions of the revenue law of 1829, is evidence of the regularity and legality of the sale, and it devolves upon the party objecting to the introduction of the deed in evidence, to show that the

pre-requisites of the law have not been complied with. R. L. 526, § 9; *Vance* v. *Schuyler*, 1 Gilm. 160; *Messenger* v. *Germain*, ib. 634.

4. The tax deed from the sheriff to Job was improperly admitted in evidence. Under the provisions of the revenue laws of 1839 and 1841, the precept issued to the sheriff must contain a list of the lands against which judgment has been rendered. It must first appear that there was a valid judgment against the land, and second a valid precept authorizing the sheriff to make the sale. *Atkins* v. *Hinman*, 2 Gilm. 458. The precept is regarded as a special *fi. fa.*, and in order to give it vitality, the sheriff should be informed from the precept what lands he is commanded to sell.

The Opinion of the Court was delivered by

Treat, C. J.\* This case was here at the last term, and the Opinion of the Court is reported in 4 Gilm. 143. On a second trial at the Circuit, various rulings of the Court were excepted to, which are now before us for review.

*First.* One of them relates to the sufficiency of the sixth certificate attached to the deed from Leavitt and others to Lamb and Dunlap, which certificate and the provision of the statute under which it was made, are set forth at large in the Opinion referred to. The Circuit Court admitted the deed in evidence without any other proof of its execution than what is contained in the certificate. On the former hearing of the case in this Court, this certificate was held to be sufficient, and we entertain no doubt of the correctness of that decision. Although not necessary to the decision of the question before the Court, it was intimated in the Opinion alluded to, that before the deed could be read in evidence, preliminary proof should be made to the Court, by matter *aliunde* the certificate, that the grantors and subscribing witnesses were deceased, or without the State; in other words, the certificate, though in compliance with the statute, does

---

*Trumbull, J. having been of counsel in this case, took no part in the decision.

Job *et al. v.* Tebbetts.

not afford evidence of such facts. Upon mature considera-
tion, we are clearly satisfied that the intimation thus expres-
sed cannot be sustained by a fair interpretation of the statute.
Conveyances of real estate executed and acknowledged, or
proven in proper form, are entitled to be recorded. Rev.
Stat. ch. 24, § 18. Conveyances so acknowledged or proven
as to be entitled to be recorded, may be read in evidence
without further proof of the execution; and if recorded, and
the original cannot be produced, certified copies from the
record may be read in evidence without further proof. Rev.
Stat. ch. 24, § 25. A deed so acknowledged or proven as to
be properly admitted to record, is admissible in evidence.
If the certificate of proof or acknowledgment is sufficient
for one purpose, it is for the other. The statute seems to
make no distinction in these respects. It contemplates no
additional proof to that appearing in the certificate. Nor
can we perceive any good reason for requiring the prelim-
inary proof. If the testimony of a credible witness, taken
before the officer and incorporated into his certificate, is suf-
ficient proof of the identity and signatures of the grantors
and subscribing witnesses, it ought equally to be so of their
decease or non-residence. As well might preliminary proof
be required of the credibility of the witness, or of any other
matter stated in the certificate. There was no error in this
decision of the Court.

*Second.* The plaintiff claimed title to the land in contro-
versy through an Auditor's deed made on a sale of the land
for the taxes of 1832. The deed of the Auditor is declared
to be " evidence of the regularity and legality of the sale,
until the contrary shall be made to appear." Acts of
1829, p. 122, § 9. The production of the Auditor's deed
made out a *prima facie* case of title in the grantee. *Vance*
v. *Schuyler*, 1 Gilm. 160 ; *Messenger* v. *Germain,* ib. 631.
The defendants then, in order to defeat this deed, were
bound to prove that the requisitions of the law, under which
the sale was made, had not been complied with. They un-
dertook to do this by showing that the land was not properly
listed for taxation for the year 1832. For this purpose, they

took the deposition of the present Auditor, which the Court excluded on the ground it did not tend to establish any such fact. By the law in existence when this land was sold, lands were divided into two classes according to quality, and taxed accordingly. Laws of 1827, p. 325, § 1; Acts of 1831, p. 125, § 2. Non-resident owners were required to list their lands with the Auditor, by giving the description, and stating the class to which the same belonged; and the Auditor was required annually to charge the lands with taxes according to such classification until listed in a different manner. Laws of 1820, p. 325, § 2. If the owner failed to list his land, it was the duty of the Auditor to list it from the best information he could obtain. Acts of 1831, p. 125, § 3. It is, therefore, to be presumed that the records of the Auditor's office will show whether these pre-requisites of the statute were complied with. The deposition of the Auditor consisted of extracts from the books in his office respecting the land in question, and his explanations of the records and the entries therein. Whether it established what the defendants sought to prove, we do not undertake to say, but in our opinion, the proof was pertinent to the point in issue, and should not have been excluded from the jury. The case of *Graves* v. *Bruen*, 1 Gilm. 172, although an extreme case, is not in point. There, the deposition was partial and incomplete in its statement of facts, and did not pretend or purport to contain all the evidence in the office relative to the matter in question. Here, the Auditor assumes to give all the information in his office concerning the matter in issue; and there is nothing on the face of the deposition or in the case to show that any thing material is withheld. If it does not in fact furnish all the evidence in the office, the deficiency can be supplied in another deposition, or by transcripts of the record. The Court erred in excluding the deposition.

*Third.* The defendants claimed title to a portion of the land by virtue of a sale for the taxes due thereon for the year 1840. In connection with a judgment against the land and the sheriff's deed therefor, they offered in evidence the

precept under which the sheriff made the sale, which is in the usual form, except that the description of the lands embraced in the judgment is omitted. The Court admitted the precept in evidence. It is insisted that the precept was void, and conferred no authority on the sheriff to make sale of the land. This will depend on the proper construction of some portions of the revenue law in force when this sale was made. By the provisions of the Act of the 26th of February, 1839, the collector is required to report to the Circuit Court a list of lands on which the taxes are due and unpaid; and it is made the duty of the Court, if no defence is interposed, to enter a particular order for the sale of the lands, and the clerk is thereupon required "to make out, under the seal of the Court, a copy of the collector's report, together with the order of the Court thereon, which shall hereafter constitute the process on which all lands shall be sold for taxes, and deliver the same to the sheriff of his county; and the sheriff shall thereupon cause the said land to be sold on the day specified in the notice given by the collector." Acts of 1839, pp. 12, 13, 14. The ninth section of the Act of the 1st of February, 1840, repeals so much of the former Act as requires the clerk to furnish a copy of the collector's report to the sheriff. Acts of 1840, p. 5. This provision was in force when this sale was made. The question is not free from difficulty. It is whether the precept should recite the lands against which the judgment is pronounced. If so, by the provisions of the Act of the 26th of February, 1839, and the statutes in force since the 6th of March, 1843, the sheriff is furnished with two complete lists of the lands, one of them wholly unnecessary, and attended with much expense. It is said that the Legislature, in 1840, dispensed with the copy of the collector's report on the supposition that otherwise double lists would be delivered to the sheriff; and this view might seem reasonable but for the fact that at the session of 1842–3, the original provision was re-enacted, and has ever since remained in full force. See Acts of 1843, p. 237, § 28, and Rev. Stat. ch. 89, § 60. But little aid, therefore, can be drawn from the course of legislation on this subject.

The most that can be said is, that the Legislature, in 1840, acted on the assumption that the previous Act required the lands to be twice copied by the clerk; while the Legislature, in 1843, and subsequent years, acted on an entirely different supposition. There is not the slightest reason for requiring more than one list to be furnished to the sheriff; and yet if the construction contended for is given, duplicate lists are now required and have been for the last five years. We are not prepared to say that such was the intention of the Legislature in first enacting the provision, and then re-enacting it and continuing it on the statute book. We rather conclude that the copy of the order of sale was intended to notify the sheriff that the Court had entered a judgment for the sale of the lands reported, while the copy of the collector's report was designed to apprise him what lands he should sell; and that in the execution of the order of sale, when the collector's report was dispensed with, he could look into the judgment and other records to ascertain his precise duty. This construction can work no injury. If the sheriff sold lands not embraced in the judgment, the sale would be a nullity.

Another objection is taken to these proceedings. It is contended that in addition to the judgment, precept, and sheriff's deed, the defendants were bound to prove that the payment of the taxes had been demanded of the person against whom the same was assessed, and that the amount could not be collected from his personal estate. The statute required the collector to make the amount of the taxes by the seizure and sale of the goods and chattels of the owner; and he was only authorized to report lands for judgment when he could not otherwise collect the taxes. That, however, is taken for granted when he makes a report in proper form, the presumption arising that he has performed his duty. *Taylor* v. *The People,* 2 Gilm. 349. If these taxes might have been collected by the exercise of proper diligence on the part of the collector, that would be a good reason why the land should not be sold; but it should be interposed by way of defence to the application for judgment. If judgment is

allowed to be rendered, the purchaser is not bound to prove that a demand was ever made for the taxes; nor is the former owner permitted to defeat the title of the purchaser by showing that the taxes might have been collected out of his personal property. The judgment is conclusive of these matters. The Court committed no error in admitting these proceedings in evidence.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings consistent with this Opinion.

*Judgment reversed.*